NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50317 |
| Plaintiff-Appellee, | D.C. No. 5:18-cr-00172-RGK-1 |
| v. | |
| JAMES IGNATIUS DIAMOND, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted February 11, 2021
Pasadena, California

Before: O'SCANNLAIN, CALLAHAN, and OWENS, Circuit Judges.

James Diamond appeals his convictions on 30 counts of mail and wire fraud

under 18 U.S.C. §§ 1341 and 1343. We have jurisdiction under 28 U.S.C. § 1291,

and affirm.

1.      Diamond argues that the district court erred by denying his motion for

acquittal based on the insufficiency of the evidence relating to certain counts. We

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

review challenges to the sufficiency of the evidence de novo, and to determine "whether, viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Liew*, 856 F.3d 585, 596 (9th Cir. 2017) (internal quotations and citation omitted). "The elements of mail fraud and wire fraud are essentially identical: the government must show (1) a scheme to defraud, (2) the use of either the mail or wire, radio, or television to further the scheme, and (3) the specific intent to defraud." *United States v. Brugnara*, 856 F.3d 1198, 1207 (9th Cir. 2017). Diamond contends that the government did not meet its burden to establish Diamond's specific intent to defraud because it did not offer testimony from the victims named in the challenged counts as to what representations Diamond made to them.

We disagree. The government introduced evidence demonstrating that Diamond was executing a scheme to defraud his customers by charging them fees and falsely promising them that he could eliminate their debts, and that the non-testifying victims were among his clients. This is sufficient evidence on which the jury could have reasonably concluded that Diamond intended to defraud the non-testifying victims. *See Brugnara*, 856 F.3d at 1208 (holding that the "specific intent to defraud[] may be established by circumstantial evidence" (internal quotations and citation omitted)).

2

2.     Diamond next argues that the district court abused its discretion by admitting complaints from Diamond's customers into evidence.  "Generally, [a] district court's evidentiary rulings should not be reversed absent clear abuse of discretion and some prejudice." *United States v. Wells*, 879 F.3d 900, 924 (9th Cir. 2018) (internal quotations and citation omitted).  Diamond contends that the complaints constituted inadmissible testimonial hearsay under Federal Rule of Evidence 801 and the Sixth Amendment, or alternatively should have been excluded because the complaints were more prejudicial than probative under Rule 403.  These arguments fail.  The complaints were not testimonial hearsay because they were introduced and admitted for the limited purpose of establishing notice to the recipient of the existence of those complaints, independent of whether the assertions in the complaints were true.  And while the complaints are at times emotional, Diamond does not make a compelling case that the risk of prejudice so outweighed their probative value that the district court's decision to admit them was "beyond the pale." *Boyd v. City & County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (internal quotations and citation omitted).

3.     Diamond argues that even if the customer complaints were admissible for a limited purpose, the district judge failed to give the jury an appropriate limiting instruction.  "We review the district court's formulation of jury instructions for abuse of discretion.  In reviewing jury instructions, the relevant

inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Garcia-Rivera*, 353 F.3d 788, 791–92 (9th Cir. 2003) (internal quotations and citations omitted). Diamond asserts that the district judge failed to instruct the jury to restrict their consideration of the customer complaints to the limited, non-hearsay purpose for which they were introduced. This argument also fails. Prior to the admission of the customer complaints, the district judge admitted several other exhibits into evidence with instructions directing the jury to only consider them for their effect on the reader. The government then moved for the admission of the customer complaints for the same limited purpose. Because the government specifically referenced that contemporaneously expressed limitation when seeking to introduce the complaints, it was not an abuse of discretion for the district judge to forego repeating the instruction.

4. Diamond also argues that the district court erred in failing to properly instruct the jury about what it means to "affect[] a financial institution" under 18 U.S.C. §§ 1341 and 1343. "When jury instructions are challenged as misstatements of law, we review them de novo." *United States v. Gonzalez-Torres*, 309 F.3d 594, 600 (9th Cir. 2002). The district court instructed the jury that a "scheme affects a financial institution if it creates a new or increased risk of financial loss to the institution." Diamond contends that the district court

improperly rejected his request to add the following language: "Such a risk of financial loss, however, must be genuine. Alleged risks that are speculative, or so small or remote as to be insignificant, will not meet this element." The district court's instruction was consistent with this court's precedent, and thus was not error. *United States v. Stargell*, 738 F.3d 1018, 1022 (9th Cir. 2013).

5. Finally, Diamond initially challenged the district court's imposition of his 70-month sentence, but subsequently withdrew those challenges following oral argument. Accordingly, we do not address them.

**AFFIRMED**.